PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MUTASIM ALRAWASHDEH,<br><br>    Defendant. | CASE NO. 1:01-CR-05138-LJO<br><br>MOTION TO DISMISS PETITION FOR SUPERVISED RELEASE VIOLATION |

Under Rule 48(a) of the Federal Rules of Criminal Procedure, the United States moved for an order dismissing the indictment in this case. Unfortunately, this was an error, and the motion should have been to dismiss the petition for a supervised release violation that was filed on March 1, 2005. The defendant was convicted and sentenced after a jury trial. He fulfilled most aspects of his sentence, including serving a prison term, but he did not fulfill his financial obligations, including making restitution of $9500. As a result, the U.S. Probation Office filed a petition for violation of the defendant's supervised release. The defendant, or someone on his behalf, eventually submitted payment of the full outstanding principal amount that was owed to the United States as part of the criminal judgment.

The government has discovered, upon a closer review of the docket, that the motion filed on February 28, 2017, mistakenly referenced dismissal of the indictment rather than the supervised release violation. The government had been attempting to clear a number of old cases from the court's docket,

and every other case that was the subject of a motion involved cases that had not concluded and for which there was little or no likelihood of successfully prosecuting the case.[1]  This case, by contrast, had been completed and finalized with a judgment.  It is not clear that the court would have even had jurisdiction to dismiss the indictment, but it certainly had authority to dismiss the supervised release violation.  That was the intent of the motion, and the government apologizes for the confusion and inconvenience that has resulted.

The government is now submitting a proposed order that would amend the court's order dated March 1, 2017, to reflect dismissal of the supervised release violation rather than the indictment.

Dated:  September 22, 2017

PHILLIP A. TALBERT
United States Attorney

By: /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney

---

[1] In addition, a previous government attorney on this case also had submitted a motion (on April 4, 2012) that referenced dismissal of the indictment and this contributed to the recent misperception of what action would be appropriate.  Docket Item 67.

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:01-CR-05138-LJO |
| Plaintiff, | ) | |
| v. | ) | ORDER ON MOTION TO DISMISS PETITION FOR SUPERVISED RELEASE VIOLATION |
| Mutasim Alrawashdeh, | ) | |
| Defendant. | ) | |

<u>ORDER</u>

The United States moved on February 28, 2017, for an order dismissing the indictment in the above-captioned action against the defendant. The United States has indicated that this was an error, because the motion should have been to dismiss the petition for a supervised release violation.

It is hereby ORDERED that the court's order dated March 1, 2017, is amended to reflect dismissal of the petition for supervised release that was filed on March 1, 2005. The warrant related to that petition is also recalled.

IT IS SO ORDERED.

Dated: **September 24, 2017**       /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE